# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HATTIE D. HAMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | 1:08CV560 |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Hattie D. Hammond, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits and Supplemental Security Income under, respectively, Titles II and XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

## Procedural History

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 9, 2006, alleging a disability onset date of July 12, 2004. Tr. 72, 76. The applications were denied initially and upon reconsideration. Tr. 38, 44, 48. Plaintiff requested a hearing *de novo* before an

Administrative Law Judge ("ALJ"). Tr. 53. Present at the hearing, held on January 10, 2007, were Plaintiff and her attorney. Tr. 18.

By decision dated April 4, 2007, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 8. On July 25, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 1, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since July 12, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: chondromalacia and fibromyalgia syndrome. (20 CFR 404.1520(c) and 416.920(c)).

Tr. 13.

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for about 6 hours of an 8-hour workday and stand/walk at least 6 hours of an 8-hour workday.

Tr. 14.

6. The claimant is unable able to perform any past relevant work. Tr. 15.

7. The claimant was born on July 18, 1963, and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English. (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework, supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience and residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 12, 2004, through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).
Tr. 16.

**Analysis**

In her brief before the court, Plaintiff argues that the ALJ committed reversible error by failing to adequately explain his reasoning in assessing Plaintiff's RFC and in finding that Plaintiff's allegations regarding her symptoms are not entirely credible. Docket No. 10, Pl.'s Br. Supp. Mot. for Summ. J., at 3-4. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff is not disabled.

Scope of Review

The Act provides that, for "eligible"[1] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment

---

[1] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1), and for SSI at 42 U.S.C. § 1382(a).

which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. §§ 404.1520, 416.920.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).  Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Credibility

In assessing complaints of pain, the ALJ must (1) determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a claimant's subjective complaints of pain, along with all of the evidence in the record.  See Craig v. Chater, 76 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994).  Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges she suffers.  A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also the other available evidence, including the claimant's medical history, medical signs, laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), and any other evidence relevant to the severity of the impairment, such as evidence of daily activities,

specific descriptions of the pain, and medical treatment taken to alleviate it. Id. By so doing, the fact finder should determine how the alleged pain affects the claimant's routine of life. Mickels, 29 F.3d at 921 (citing Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992)); see also Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements ("SSR 96-7p").

Thus, the fact finder may not discredit a claimant solely because her subjective complaints are not substantiated by objective medical evidence. See SSR 96-7p. But neither is the adjudicator to accept the claimant's statements at face value; rather, she "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7p; see also Craig, 76 F.3d at 592 ("'Pain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof.'" (quoting Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)).

In this matter, Plaintiff testified that she is unable to work due to pain in her hands, which leaves her unable to lift more than five pounds and to manipulate things, like opening jars, turning doorknobs or writing with pen or pencil. Tr. 29-30. She also testified that she has pain, swelling and buckling in both knees which leaves her unable to walk a city block or stand for more than fifteen minutes, and which requires her to use a cane and knee brace. Tr. 24, 27-28. She also testified that she suffers from lower back pain, and that she can sit for only five to ten minutes

7

before needing to change position. Tr. 25, 28. Plaintiff testified that she has about three "good days" per week, during which she is able to walk to her mailbox, try to cook dinner and do dishes. Tr. 30-31. On "bad days," she "pretty much [has] to lay down for the day and just really can't do but so much." Tr. 32-33.

Having considered Plaintiff's testimony, the ALJ found that Plaintiff's medically determinable impairments could be expected to produce her alleged symptoms, but that her statement concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 15. In support of this finding, the ALJ reasoned that Plaintiff testified that her pain level and ability to perform daily activities varied on "good days" and "bad days," and that she was able to cook and do light house cleaning on her good days. Id. The ALJ further reasoned that Plaintiff had admitted that there were conflicting opinions on whether she should have additional knee surgery. Id.

The court is troubled by the ALJ's reasoning for a number of reasons. The Commissioner's duty is to "present [the court] with findings and determinations sufficiently articulated to permit meaningful judicial review" DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). In Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984), the Fourth Circuit explained why the duty was so crucial:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches

8

an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

Id. at 236 (quoting Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977)).  The reviewing court requires the fact finder "to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."  Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003).  Here, the ALJ has failed to sufficiently explain his decision that Plaintiff is not entirely credible so that this court can fulfil its duty to provide a meaningful review.  The court has no understanding of why Plaintiff's testimony that she has good days and bad and that there are differing opinions concerning further knee surgery leads to a conclusion that her allegations of pain and other symptoms are not credible.  This is especially so given that the ALJ was rather selective is reciting the substance of Plaintiff's testimony.[2]

Moreover, the ALJ failed to adequately evaluate and explain what weight was given, if any, to the medical evidence of fibromyalgia.[3]  Plaintiff's treating

---

[2]  For example, the ALJ relied on Plaintiff's testimony that she has three "good" days each week, but ignored her testimony that she had four "bad" days a week, during which she needed to lay down the entire day.

[3]

[F]ibromyalgia, also known as fibrositis [is] a common, but elusive and mysterious, disease[.]  Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia.  The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule
(continued...)

9

rheumatologist, Dr. Shaili Deveshwar, examined Plaintiff on April 28, 2005, and noted that Plaintiff was positive for eighteen of eighteen fibromyalgia tender points. Tr. 139. He concluded that Plaintiff's history of arthralgias, myalgias, fatigue and positive tender points was consistent with fibromyalgia, and placed Plaintiff on a fibromyalgia program. Id. The ALJ's entire analysis of this evidence consisted of the statement, "Dr. Deveshwar opined . . . that [Plaintiff] could possibly have fibromyalgia." This analysis is both inaccurate and inadequate, especially in light of the fact this evidence provides support for Plaintiff's allegations of pain.

The court acknowledges that not all omissions by the ALJ render a decision reversible. See Kurzon v. United States Postal Service, 539 F.2d 788 (1st Cir. 1976).

> While agency decisions must be sustained, if at all, on their own reasoning, this principle does not mechanically compel reversal when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached. Where a subsidiary finding is unfounded, the court will remand the case to the agency for further consideration only if the court is in substantial doubt

---

[3] (...continued)
of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch. There is no serious doubt that [claimant] is afflicted with the disease, but it is difficult to determine the severity of her condition because of the unavailability of objective clinical tests. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not, and the question is whether [claimant] is one of the minority.

Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir. 1996) (internal citations omitted).

> whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture.

Id. at 796 (1st Cir. 1976) (internal citations omitted), quoted in Pechatsko v. Comm'r of Soc. Sec., 369 F. Supp. 2d 909, 912 (N.D. Ohio 2004).  However, in this case, the ALJ's error is not inconsequential to the ultimate disability determination.  Contra Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006) (applying the doctrine when "the ALJ's error, if any indeed existed, was inconsequential to the ultimate nondisability determination"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").  Here, there is medical evidence in the record that supports Plaintiff's allegations and which must be sufficiently evaluated by the ALJ in reaching his decision.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence.  Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g).  The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation.  To this extent, Plaintiff's motion

for summary judgment (Docket No. 9) should be **GRANTED,** and Defendant's motion for judgment on the pleadings (Docket No. 11) should be **DENIED.**

_____
WALLACE W. DIXON
United States Magistrate Judge

September 15, 2010